## THE STATE v. JOHN GREEN.

CRIMINAL LAW. *Search warrant. Costs.* Where search warrant was issued by a justice of the peace upon probable cause, and the property was not found thereunder, the State is liable for the costs of the proceeding, under Code, section 5333.

### FROM LINCOLN.

Appeal in error from the Circuit Court of Lincoln county. J. J. WILLIAMS, J.

G. B. BOGLES for Green.

ATTORNEY-GENERAL LEA for the State.

COOKE, J., delivered the opinion of the court.

Upon probable cause shown by the affidavit of one Bell, that a larceny had been committed of certain articles belonging to him, and which were believed to be concealed upon the premises of Green, and detailing circumstances which seemed to point to Green and his wife as having committed the larceny, one George P. Boyles, a justice of the peace, issued a search warrant in the usual form to search the house and premises of said Green for said articles of stolen property, which was placed in the hands of an officer who returned the same executed by searching said house, etc., but that said stolen articles could not be found. Whereupon said justice certified that there was probable cause for the procurement of the issuance of said warrant and returned the same to the circuit court

The State v. Green.

for the taxation, etc., of the costs. The circuit court adjudged that the same were taxable against the State, and the attorney-general appealed to this court.

By Code, section 5318, *et seq.*, a search warrant may be issued when property has been stolen or embezzled, and upon probable cause, supported by affidavit, etc., and if the magistrate is satisfied that the grounds of the application exist, or that there is probable cause to believe their existence, he shall issue a search warrant, etc. Section 5326 provides, " Such warrant shall be executed and returned to the magistrate by whom it was issued, within ten days; and section 5332 provides, that the magistrate shall, under the preceding sections, annex together the search warrant, the return and the examination of witnesses, and return them to the court having power to inquire into the offense in respect to which the search warrant was issued. Section 5333 provides, that if on the hearing it appear that there was no probable cause for suing out the warrant, the whole costs may be taxed against the complainant, and execution awarded.

In this case the magistrate having certified that there was probable cause for suing out the warrant, it is not insisted that he should have taxed the costs to the complainant, and the only question is as to whether the costs should have been taxed against the county or the State. No further specific provisions having been made as to the costs in such cases, it must depend upon the general provisions of the law.

By section 5586 of the Code, the costs which have accrued in any criminal prosecution for offenses pun-

ishable with death, or by confinement in the peniten-
tiary, * * . shall be paid by the State; and by
section 5587, similar costs in criminal prosecutions for
offenses punishable in any way than specified in the
last section shall be paid by the county. By section
5574, in all cases the fees due to a justice of the
peace for any proceedings before him, shall be certified
to the circuit court, and taxed . and certified by the
court and attorney general as other costs, etc. And
by section 5576, the costs due to constables, or
other executive officers, on proceedings in criminal
cases before a justice of the peace, are certified and
allowed in the manner specified in the last two sec-
tions in regard to similar . fees due justices of the
peace.

By another provision of the Code, section 5392, it
is provided, that the compensation of witnesses sum-
moned before a grand jury, where no indictment is
found upon his evidence, shall be paid by the county
in which he is summoned.

While the proceedings upon a search warrant in-
stituted to discover property which has been stolen,
as is alleged, by the party whose premises are thus an-
thorized to be searched, and where there is probable
cause to believe he has been guilty of the larceny,
and has the stolen property secreted upon his prem-
ises, is not technically a prosecution for the felony,
yet it is in the nature of it, and a preliminary step
to such prosecution, as if the property is thus found
in his possession, it furnishes evidence upon which a
prosecution is based, and we think, if not within the

letter, is directly within the spirit, of the sections of the Code above cited, providing for the payment by the State of the costs in prosecutions for felonies, and is nearer within the direct provisions of said sections than of any other provisions of the law upon that subject.

In the case of *The State* v. *Treadway*, 3 Lea, 55, where a witness had been summoned to testify before the grand jury upon an indictment for larceny, which was ignored, this court held that the costs of the witness, although the proceeding was for felony, were properly taxable against the county, because this was within the very letter of section 5392, last above cited. But it was said in that case that said section was not necessarily inconsistent with sections 5585 and 5586, above cited, and we are aware of no other case where, in a proceeding for felony, which has been terminated before a trial, the costs have been taxed against the county, and as it can not be pretended that this case can be brought within the provisions of said section 5392, we are of opinion that the costs of the proceeding in question are properly taxable against the State, and the judgment of the circuit court is correct and should be affirmed.